IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

**JAMES & DEBORAH SANCHEZ,**

    **Plaintiffs,**

    **vs.**                                                            Civ. No. 14-222  MCA/KBM

**DICK'S SPORTING GOODS, INC.,**

    **Defendant.**

## ORDER GRANTING MOTION TO REMAND

**THIS MATTER** is before the Court on Plaintiffs' Motion to Remand and Memorandum of Law in Support.  [Doc. 7.]  The Court, having considered the submissions, the pleadings, the relevant law, and otherwise being fully advised in the premises, hereby grants the Motion to Remand.

### I.

### BACKGROUND

Plaintiffs filed their Complaint for Assault, Battery, Aggravated Battery, Negligence, Intentional Infliction of Emotional Distress, Premises Liability, Loss of Consortium and Punitive Damages on January 22, 2014, in the Second Judicial District Court, County of Bernalillo, New Mexico.  [Doc. 1 at 5.]  Plaintiffs are residents of Bernalillo County.  [Id.]  They allege that while engaging in a transaction at Dick's Sporting Goods on April 14, 2013, an employee and/or manager became visibly angry and hostile, and started yelling at them about their transaction.  [Doc. 1 at 6, ¶¶ 8, 9.]  They further allege that the employee and/or manager then either threw an object at Plaintiff Deborah Sanchez, or slammed the doors leading to the registers so hard and with so much force that a part of the door broke striking Plaintiff Deborah Sanchez on her left

hip/thigh.[1]  [Doc. 1 at 6, ¶ 10.]  Plaintiff Deborah Sanchez alleges that since the incident occurred, she has been unable to completely resume her general daily activities and exercise routine, and continues to have pain as a result of the injury she sustained.  [Doc. 1 at 18.]  Plaintiffs request actual, compensatory and punitive damages.  The Complaint does not state the value of Plaintiffs' claims; however, Plaintiffs attached a copy of Plaintiff Deborah Sanchez's settlement demand made to Dick's Sporting Goods on August 14, 2013, prior to filing suit, in the amount of $55,000.[2]  [Doc. 1 at 18.]

Defendant removed this case on March 7, 2014, asserting diversity jurisdiction pursuant to 28 U.S.C. 1332(a).  [Doc. 1 at 2, ¶ 6.]  There is no dispute that the parties are diverse.  [Id.; Doc. 7 at 3.]  With regard to the amount in controversy, Defendant relies on the settlement demand attached to Plaintiffs' Complaint in which Plaintiff Deborah Sanchez demanded $55,000 for medical damages and pain and suffering.  [Doc. 1 at 2-3, ¶ 8.]  Defendant argues that because Plaintiffs' Complaint included claims for loss of consortium and punitive damages, and because the settlement demand of $55,000 only included compensatory damages for Plaintiff Deborah Sanchez, that the amount in controversy exceeds the jurisdictional requirement of $75,000.[3]  [Doc. 1 at 3, ¶ 9.]

Plaintiffs move to remand this case.  [Doc. 7.]  They argue that Defendant has failed to establish by a preponderance of the evidence that the amount in controversy in this case is

---

[1]  In contrast to how the incident was described in Plaintiffs' Complaint, the Court notes that Plaintiff Deborah Sanchez's Settlement Offer describes that "Mrs. Sanchez was walking in Dicks Sporting Goods Store and struck her left hip/thigh on an open door that was left open by the store manager with the name of George," and that Dick's Sporting Goods is liable for failing to follow "safety rules."  [Doc. 1 at 17.]

[2] Although the settlement demand was in the amount of $55,000, the total damages were itemized as $2,810 in medical expenses and $25,000 for pain and suffering.  [Id.]

[3] In Defendant's Response to Plaintiffs' Motion to Remand, Defendant clarifies that Plaintiff James Sanchez's loss of consortium claim is not included for purposes of satisfying the amount in controversy, but that this Court may exercise supplemental jurisdiction over his claim because Plaintiff Deborah Sanchez's claims satisfy all of the requirements for diversity jurisdiction.   [Doc. 10 at 4-5.]

greater than $75,000.  [Doc. 7 at 5.]  Plaintiffs state that the only compensatory damages that have been proven constitute approximately $3,000, and that they have "offered absolutely no proof or evidence in their offer of settlement that the amount of $25,000 for pain and suffering could be substantiated."  [Doc. 7 at 5-6.]  Plaintiffs also state that even with an award of punitive damages, the amount in controversy would not exceed $75,000 because "an award of $75,000 would mean that the Plaintiffs were awarded twenty five times the amount of compensatory damages [that have been proven]."  [Id.]  Plaintiffs request attorney fees with regard to their Motion to Remand.  [Doc. 7 at 2, ¶ 5.]

Defendant responds that it may rely on Plaintiffs' settlement demand in calculating the amount in controversy, and that there would only need to be an award of $20,001 in punitive damages, less than fifty percent of compensatory damages demanded, to exceed the jurisdictional requirement of $75,000.  [Doc. 10 at 3.]

Plaintiffs did not file a Reply.

## II.

## LAW ON REMOVAL

Diversity jurisdiction is conferred upon the federal courts under U.S.C. § 1332(a) in cases in which the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States[.]"  28 U.S.C. § 1332(a).  A defendant may remove a case from state court to federal court if the case could have originally been filed in federal court.  28 U.S.C. § 1441(a).  Generally, a defendant has 30 days after service of the initial pleading to file a notice of removal.  28 U.S.C. § 1446(b)(1).  However, where "the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading,

motion, order or *other paper* from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). Section 1446 was amended in 2011 to clarify the requirements for removal based on diversity, and expounded on the meaning of "other paper." In relevant part, Section 1446 now reads:

> **(c) Requirements; removal based on diversity of citizenship.—(1)** A case may not be removed under subsection (b)(3) on the basis of jurisdiction conferred by section 1332 more than 1 year after commencement of the action, unless the district court finds that the plaintiff has acted in bad faith in order to prevent a defendant from removing the action.
>
> **(2)** If removal of a civil action is sought on the basis of the jurisdiction conferred by section 1332(a), the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy, except that—
>
>     **(A)** the notice of removal may assert the amount in controversy if the initial pleading seeks—
>
>         **(i)** nonmonetary relief; or
>
>         **(ii)** a money judgment, but the State practice either does not permit demand for a specific sum or permits recovery of damages in excess of the amount demanded; and
>
>     **(B)** removal of the action is proper on the basis of an amount in controversy asserted under subparagraph (A) if the district court findings, by the preponderance of the evidence, that the amount in controversy exceeds the amount specified in section 1332(a).
>
> **(3)(A)** If the case stated by the initial pleading is not removable solely because the amount in controversy does not exceed the amount specified in section 1332(a), information relating to the amount in controversy in the record of the State proceeding, or in responses to discovery, shall be treated as an "other paper" under subsection (b)(3).
>
>     **(B)** If the notice of removal is filed more than 1 year after commencement of the action and the district court finds that the plaintiff deliberately failed to disclose the actual amount in controversy to prevent removal, that finding shall be deemed bad faith under paragraph (1).

28 U.S.C. § 1446. *See also Akin v. Ashland Chem. Co*., 156 F.3d 1030, 1035-36 (10th Cir. 1998) (describing the procedure and requirements where removability is not clear from the complaint

but that removability can be ascertained subsequently based on another paper, such as an answer to an interrogatory).

"The burden of persuasion for establishing diversity jurisdiction remains on the party asserting it. When challenged on allegations of jurisdictional facts, the parties must support their allegations by competent proof." *Hertz Corp. v. Friend*, 559 U.S. 77, 96 (internal quotation marks and citations omitted). "[T]he defendant must affirmatively establish jurisdiction by proving jurisdictional *facts* that [make] it *possible* that $75,000 [is] in play[.]" *McPhail v. Deer & Co*., 529 F.3d 947, 955 (10th Cir. 2008)(emphasis in original). Our Tenth Circuit has held that "[b]oth the requisite amount in controversy and the existence of diversity must be affirmatively established on the face of either the petition or the removal notice." *Laughlin v .Kmart Corp*., 50 F.3d 871, 873 (10th Cir. 1995). In establishing the jurisdictional amount in controversy, the Tenth Circuit has stated:

> First, the defendant may rely on an estimate of the potential damages from the allegations in the complaint. *See Meridian* [*Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 541 (7th Cir. 2006)]. A complaint that presents a combination of facts and theories of recovery that may support a claim in excess of $75,000 can support removal. . . .
>
> Second, beyond the complaint itself, other documentation can provide the basis for determining the amount in controversy – either interrogatories obtained in state court before removal was filed, or affidavits or other evidence submitted in federal court afterward. *Meridian*, 441 F.3d at 541-42; *Manguno v. Prudential Prop. & Cas. Ins. Co*., 276 F.3d 720, 723 (5th Cir. 2002) (allowing "summary-judgment type evidence," such as affidavits to support jurisdiction). This roughly parallels with a plaintiff's right, under Fed. R. Civ. P. 10(c), to make "[a] copy of a written instrument that is an exhibit to a pleading . . . a part of the pleading for all purposes." In some situations, this sort of evidence alone will allow a defendant to support its claims regarding the amount in controversy. For example, where a defendant allegedly breached a contract and the plaintiff seeks damages in an indeterminate amount, a defendant might support jurisdiction by attaching a copy of the contract, valued at more than $75,000, to the notice of removal. Or it might "introduce evidence, in the form of affidavits from the defendant's employees or experts, about how much it would cost to satisfy the

> plaintiff's demands." *Meridian*, 441 F.3d at 541-42 (citing *Rubel v. Pfizer Inc.*, 361 F.3d 1016 (7th Cir. 2004)).
>
> Furthermore, a plaintiff's proposed settlement amount "is relevant evidence of the amount in controversy if it appears to reflect a reasonable estimate of the plaintiff's claim." *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 840 (9th Cir. 2002).

*McPhail*, 529 F.3d at 955-56.

### III.

### **ANALYSIS**

Consistent with New Mexico state court practice, NMRA 1-008(A)(3), the Complaint in the underlying state court action did not allege damages in a specific amount. As previously stated, Defendant is attempting to establish the amount in controversy from a settlement demand attached to Plaintiffs' Complaint in which Plaintiff Deborah Sanchez demanded $55,000 for medical damages and pain and suffering. Defendant argues that because Plaintiffs have made a claim for punitive damages, that the amount in controversy will easily exceed the jurisdictional requirement of $75,000.

Looking first to the reasonableness of the estimate of Plaintiff Deborah Sanchez's claim, *i.e.*, $55,000, Plaintiffs affirmatively state that the medical bills related to Deborah Sanchez's injury only amount to $2,810. [Doc. 1 at 18.] "It is common in personal injury cases to settle on the basis of three times the medical expenses." *See Aranda v. Foamex Inter'l*, 884 F.Supp.2d 1186, 1207 (D.N.M. 2012). Here, Plaintiff Deborah Sanchez's settlement demand requests *eighteen times* the medical expenses she incurred as the result of her injury. Thus, on its face and without more, Plaintiff Deborah Sanchez's settlement demand does not appear to reflect a reasonable estimate of her claim based on the medical bills. *See Cohn v. Petsmart, Inc.*, 281 F.3d at 840.

Further, the Court is not persuaded that the mere legal possibility that Plaintiff may recover punitive damages under one or more counts automatically means that Defendant satisfied the $75,000 amount in controversy requirement.  Punitive damages may be considered in determining the amount in controversy.  *Burrell v. Burrell*, No. 00-2031, 2000 WL 1113702 *2 (10th Cir. Aug. 7, 2000) (unpublished opinion).  Plaintiffs have pleaded that Defendant acted with the requisite culpable mental state required to support an award of punitive damages.  [Doc. 1 at 9, ¶ 39.]    *See* NMRA 13-1827.  Under New Mexico law, review of a punitive damages award "is essentially a review for reasonableness."  *Chavarria v. Fleetwood Retail Corp.*, 140 N.M. 478, 489 (2006).  In assessing the reasonableness of a punitive damages award, New Mexico courts are guided by three factors: "(1) the reprehensibility of the defendant's conduct, or the enormity and nature of the wrong; (2) the relationship between the harm suffered and the punitive damages award; (3) the difference between the punitive damages award and the civil and criminal penalties authorized or imposed in comparable cases."  *Chavarria*, 140 N.M. at 489.  Defendant's Notice of Removal does not refer to these criteria, nor do they allege underlying facts that would allow the Court to estimate a range of punitive damages that would be recoverable and sustainable under New Mexico law under the facts of this case.

The Court concludes that the proper course is to remand this case to state court due to Defendant's failure in its Notice of Removal to allege facts demonstrating that the amount in controversy satisfies 28 U.S.C. § 1332(a).  It is the Court's intention that this remand be without prejudice to Defendant's right to file a second notice of removal, if and when they receive clear and unequivocal notice of removability.

Finally, while the Court finds that Defendant has not met its burden to establish that this Court has jurisdiction, the Court also finds that Defendant nevertheless had an objectively

reasonable basis for asserting that Plaintiff Deborah Sanchez's purported demand of $55,000 in addition to her claim for punitive damages established diversity jurisdiction.  Accordingly, the Court declines to award attorney fees or costs to Plaintiffs.  *See Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005) ("Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal.").

**IT IS THEREFORE HEREBY ORDERED** that Plaintiffs' Motion to Remand [Doc. 7] is granted, and that this action is remanded to the Second Judicial District Court, County of Bernalillo, State of New Mexico.

So Ordered this 15th day of May, 2014.

_____
**M. CHRISTINA ARMIJO**
**UNITED STATES DISTRICT JUDGE**